IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERALD LEWIS AUSTIN, #A1076082, | ) ) ) | CIV. NO. 11-00692 JMS/KSC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |
| vs. | ) ) | |
| CORRECTIONAL OFFICER SEARGENT TYLER, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT
## WITHOUT LEAVE TO AMEND

Before the court is *pro se* Plaintiff Gerald Lewis Austin's prisoner

civil rights complaint. Plaintiff, incarcerated at the Halawa Correctional Facility

("HCF"), names Adult Correctional Officer ("ACO") Sergeant Tyler as the only

defendant in this case,[1] alleging that Tyler violated his constitutional rights by

calling Plaintiff a "dumb ass."

Plaintiff's Complaint is DISMISSED for failure to state a claim,

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

---

[1] Although Plaintiff "names" two others in the Complaint's caption, he clarifies within the Complaint that these individuals were witnesses to Tyler's actions, not participants.

# I.  STATUTORY SCREENING

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  129 S. Ct. at 1949.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. <u>DISCUSSION</u>

Plaintiff alleges that on an unknown date, "Tyler called inmate Gerald Lewis Austin a 'dumb ass' real loud while I was sealing up my legal mail and for no reason at all." ECF No. 1, Compl. at 5. Plaintiff states that he immediately filed a grievance regarding Tyler's comment, and then commenced this action.

Plaintiff claims Tyler frightened him and he seeks $1 million for his pain and suffering.

Verbal harassment or abuse, even the use of racial epithets, does not rise to the level of a constitutional deprivation. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that vulgar language does not arise to a constitutional violation). Even a threat of harm is insufficient to establish a constitutional wrong. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong.").

Tyler's mild name calling on one occasion, while perhaps distressing, does not arise to the level of a constitutional violation. As a result, Plaintiff fails to state a claim regarding Tyler's alleged remark, and his Complaint is DISMISSED for failure to state a claim.

## B.  Leave to Amend

Although a *pro se* litigant is ordinarily given leave to amend his or her complaint, here it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Lopez*, 203 F.3d at 1137. Plaintiff bases his entire action on the proposition that he was referred to as a "dumb ass" by Tyler. There

is no other legal basis for a claim under these facts. And dismissal here is "not caused by insufficient allegations of factual content," such that "no potential amendments would change the outcome." *Mirmehdi v. United States of America*, --- F.3d ----, 2011 WL 5222884, at *6 (9th Cir. Nov. 3, 2011). In short, further amendment would be futile. Accordingly, the dismissal is without leave to amend.

## IV. <u>CONCLUSION</u>

The Complaint is DISMISSED for failure to state a claim, and may be counted as a strike pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court is directed to close this file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 22, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Austin v. Tyler,* Civ. No. 11-00692 JMS/KSC; Order Dismissing Complaint Without Leave to Amend ; psas/ Screening/dmp/ 2011/Austin 11-692 jms (dsm ftsc)